**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

```
************************************
In re:  David A. Martel              )
        and Cheryl A. Martel,        )    Chapter 13
                                     )    Case No. 14-20198
                    Debtors          )
                                     )
************************************
David A. Martel                      )
and Cheryl A. Martel,                )
                                     )
                    Plaintiffs       )
v.                                   )
                                     )    Adv. No. 15-02001
LVNV Funding, LLC and                )
Resurgent Capital Services,          )
                                     )
                    Defendants.      )
************************************
```

**OPINION**

This case raises the question of whether filing of a proof of claim based upon a time-barred debt violates the Federal and Maine Fair Debt Collection Practices Acts and the Bankruptcy Code.[1] The issue is before me on defendants LVNV Funding, LLC and Resurgent Capital Services' motion to dismiss the complaint of plaintiffs David A. Martel and Cheryl A. Martel. For the reasons set forth below, I conclude that filing a proof of claim in accordance with the Federal Rules of Bankruptcy Procedure for a time-barred debt does not violate the consumer protection Acts or the Code, and I therefore **GRANT** the motion to dismiss for failure to state a claim upon which relief may be granted.

---

[1] Unless otherwise noted, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, (the "Code"), 11 U.S.C. §101 et seq.

1

## I.  FACTS

David and Cheryl Martel filed for bankruptcy protection under Chapter 13 of Title 11 on March 25, 2014.  They filed schedules and statements listing their debts and income but did not initially include either LVNV or Resurgent as creditors.  On June 5, 2014, the defendants, which qualify as debt collectors under Maine and federal law, filed three separate proofs of claim.  Each proof of claim included, as required by F. R. Bankr. P. 3001(c), the amount of the debt, the last transaction date, the last payment date, the chain of ownership of the debt, and the date the original creditor "charged off" the debt.  The documents showed that the last transaction dates were in 2006, 2001, and 2003, and that the defendants had written off the debts in 2007, 2001, and 2003, respectively.

In response to the defendants' proofs of claim, the Martels amended Schedule F of their petition on December 15, 2015, listing the amounts claimed by the defendants as "disputed".  Soon after, the Martels contacted Resurgent to discuss the validity of the claims.  They asserted that the underlying debts were time-barred under state law, and that the defendants had no right to payment through the bankruptcy process.  The defendants withdrew all three proofs of claim on January 9, 2015.

The Martels filed this adversary proceeding, seeking actual, compensatory and punitive damages under the U.S. Fair Debt Collection Practices Act (the "FDCPA"), the Maine Fair Debt Collection Practices Act (the "Maine FDCPA"), and §§ 105 and 502 of the Code.[2]  Subsequently, the defendants filed this motion to dismiss the complaint pursuant to F. R. Bankr. P. 12(b)(6).

---

[2]  Initially, the plaintiffs alleged that the defendants' actions also violated the automatic stay but their amended complaint eliminated that claim.

## II. JURISDICTION AND VENUE

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a). D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## III. DISCUSSION

In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), the 11th Circuit became the first circuit to hold that filing a proof of claim for a time-barred debt constituted a violation of the FDCPA. Prior to, and since, the *Crawford* decision, the majority of federal courts addressing the issue have held otherwise.[3] *See* Brittany M. Dant, *Down the Rabbit Hole: Crawford v. LVNV Funding, LLC Upends the Role of the Fair Debt Collection Practices Act in Consumer Bankruptcy*, 66 Mercer L. Rev. 1067, 1074 (2015). The First Circuit has not decided the issue, though at least one other bankruptcy court in the circuit has held that filing a time-barred proof of claim is not a violation of the FDCPA. *See In re Claudio*, 463 B.R. 190 (Bankr. D.Mass. 2012). For the reasons discussed below, I reach the same conclusion.

A. Motion to Dismiss Standard

In order for the Martels to survive a motion to dismiss under F. R. Bankr. P. 7012(b)(6), their complaint must state a claim upon which relief can be granted. Specifically, the Supreme Court has explained that the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Furthermore, the complaint must present facts that plausibly suggest

---

[3] It does not appear that this split in authority will be resolved soon given the United States Supreme Court's denial of certiorari in *Crawford*. 758 F.3d 1254, *cert. denied*, *LVNV Funding LLC v. Crawford*, 135 S. Ct. 1844 (April 20, 2015). *See, also*, K. Grant, K. Yonover and S. Zimmerman, *Cracking the Crawford Code: Treatment of time – barred claims in bankruptcy proceedings*, XXXIV ABI Journal 9, September 2015.

the Martels' right to the relief requested. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The burden of demonstrating that the complaint does not state a claim for which relief can be granted is on the defendants. *See* 5B Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1357 (3d ed. 2015).

B.  The FDCPA and the Code[4]

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against collection abuses." 15 U.S.C. § 1692e. In Count II of their complaint, the Martels claim the defendants violated the FDCPA by filing proofs of claim for time-barred debts. They argue that such a practice is abusive and misleading to consumers, violating 15 U.S.C. §§ 1692e, d, and f.[5]

This is a matter of first impression for the bankruptcy court in this district. However, the United States District Court has stated that "in order to prevail on a [] FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a

---

[4] In Count III of their amended complaint, the Martels allege analogous violations of the Maine FDCPA. The Maine FDCPA mirrors the federal Act, and therefore, my analysis applies equally to each. For brevity, the analogous citations will be footnoted throughout.

[5] The Martels allege that the defendants violated the following sections of the FDCPA in the following ways:

§1692e by using "false, deceptive or misleading representations or means in connection with the collection of the alleged debts and falsely representing the character, amount or legal status of the debt";

§1692d "by engaging in harassing and abusive conduct in attempting to collect the debts"; and

§1692f "by using unfair or unconscionable means to collect or attempt to collect on the debts".

Adv. Pro. #15-02001 First Amended Complaint, ¶53. The Martels make similar allegations in Count III under the Maine FDCPA. 32 M.R.S.A. § 11013. *Id.* at ¶61.

prohibited act or omission under the FDCPA." *Poulin v. The Thomas Agency*, 760 F.Supp.2d 151, 158 (D.Me.2011)(*citing Kransnor v. Spaulding Law Office*, 675 F.Supp.2d 208, 211 (D.Mass.2009)). Therefore, in order for the Martels' FDCPA count to survive a motion to dismiss, the facts contained in the complaint must meet each of the elements of this three-prong test.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…" 15 U.S.C. § 1692a(6).[6] The Martels allege, and the defendants admit, that both LVNV and Resurgent are in the business of collecting debts from consumers. Therefore, both defendants are debt collectors under the statute.

However, for their complaint to remain viable, the Martels must also allege facts that the defendants engaged in acts prohibited under the FDCPA. In this case, those alleged acts are the filing of proofs of claim for time-barred debts. Section 1692e[7] of the FDCPA prohibits creditors from employing "false, deceptive or misleading representations or means in connection with the collection of [] alleged debts and falsely representing the character, amount or legal status of the debt". The defendants argue that those acts cannot be the basis for relief under the FDCPA or the Code, asserting two basic arguments: first, that the FDCPA is preempted by the bankruptcy code, and therefore, a creditor can never violate the FDCPA as long as it is acting appropriately under Title 11; and second, that filing a proof of claim in a bankruptcy case, even a proof of

---

[6] 32 M.R.S.A. § 11002(6).

[7] 32 M.R.S.A. § 11013(2).

5

claim for a time-barred debt, does not violate the Code. Though I disagree with the former, I am persuaded by the latter.

This issue has been widely considered in other circuits and in other courts within the First Circuit. Prior to *Crawford*, the consensus was clear: "Federal Courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action." *Claudio v. LVNV*, 463 B.R. at 193 (Bankr.D.Mass. 2012)(collecting authorities). Following *Crawford*, the result is more nuanced. As the Martels point out, several courts, even some outside of the 11th Circuit, have held that filing stale proofs of claims may violate the FDCPA.[8] Others steadfastly hold that creditors who file proofs of claim in accordance with the rules and applicable Code sections do not mislead or harass debtors, nor do they abuse the bankruptcy process.[9] As a recent 8th Circuit Bankruptcy

---

[8] *See Taylor v. Galaxy Asset Purchasing, LLC*, 2015 WL 3645668 (N.D. Ill. June 11, 2015); *Patrick v. Quantum3 Group, LLC*, No. 1:14-cv-00545-TWP-TAB, 2015 WL 627216, at *1 (S.D.Ind. Feb. 13) *adopted*, 2015 WL 1166055 (S.D.Ind. Mar. 12, 2015); *Grandidier v. Quantum3 Group, LLC*, No. 1:14-CV-00138-RLY-TAB, 2014 WL 6908482, at *3 (S.D.Ind. Dec. 8, 2014); *In re Feggins*, 535 B.R. 862, 870-871 nn. 10–14 (Bankr. M.D.Ala. 2015)(collecting cases); *In re Holloway*, Adv. Pro. 15-8038-WRS, 2015 WL 5299457 (Bankr. M.D.Ala. Sept. 9, 2015); *In re Avalos*, 531 B.R. 748, 754 (Bankr.N.D.Ill. 2015); *In re Brimmage*, 523 B.R. 134 (Bankr.N.D.Ill. 2015); Order Denying Defendants' Motion to Dismiss Adversary Proceeding, *Douglass v. LVNV Funding, LLC*, (Bankr.S.D.Ohio Adv. Pro. 15-2148 September 21, 2015).

[9] *See Neal v. Atlas Acquisitions, LLC*, No. 3:14-cv-1113-J-34PDB, 2015 WL 5687785, at *7 (M.D.Fla. Sept. 25, 2015); *Murphy v. Resurgent Capital Services, L.P.*, No. 4:15CV506 JCH, 2015 WL 5124171, at *2 (E.D.Mo. Sept. 1, 2015); *Brock v. Resurgent Capital Services, LP*, 14-0324-WD-M, 2015 WL 4985700, at *3 (S.D.Ala. Aug. 20, 2015); *Nelson v. Midland Credit Mgmt., Inc.*, No. 4:15-CV-00816-ERW, 2015 WL 5093437, at *3 (E.D. Mo. Aug. 28, 2015) *appealed sub nom Domick Nelson v. Midland Credit Mgmt., Inc.*, No. 15-20984 (8th Cir.); *Townsend v. Quantum3 Group, LLC*, 535 B.R. 415 (M.D.Fla. 2015); *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D.Ala. 2015); *Torres v. Cavalry SPV I, LLC*, 530 B.R. 268 (E.D.Pa. 2015) *appealed by* No. 15-2131 (3rd Cir.); *Robinson v. eCast Settlement Corp.*, No. 14 CV 8277, 2015 WL 494626, at *3 (N.D.Ill. Feb. 3, 2015); *In re Jenkins*, No. 14-40226-JJR13, 2015 WL 5472513, at *3 (Bankr.N.D.Ala. Sept. 17, 2015); *In re Howard*, No. 13 B 44200, 2015 WL 4574847, at *1 (Bankr.N.D.Ill. July 29, 2015); *Murff v. LVNV Funding, LLC, (In re Murff)*, No. 14 A 790, 2015 WL 3690994, at *5 (Bankr.N.D.Ill. June 15, 2015); *Broadrick v. LVNV Funding, LLC*, 532 B.R. 60 (Bankr.M.D.Tenn. 2015); *In re Perkins*, 533 B.R. 242, 246 (Bankr.W.D.Mich. 2015). Also, on facts similar to those in the instant case, a bankruptcy court in the Northern District of Alabama recently granted the creditor's motion to dismiss the debtor's adversary proceeding under the FDCPA based upon the filing of a claim on a stale debt when the claim was withdrawn before the debtor filed any objection or adversary proceeding regarding the claim. *Brown v. Midland Credit Mgmt., Inc., (In re Brown)*, AP Np. 15-40021-JJR, 2015 WL 5735190 (Bankr.N.D.Ala. Sept. 29, 2015).

6

Appellate Panel observed: "The FDCPA does not prohibit all debt collection practices. Instead, it simply prohibits false, misleading, deceptive, unfair, or unconscionable debt collection practices. Filing in a bankruptcy case an accurate proof of claim containing all the required information, including the timing of the debt, standing alone, is not a prohibited debt collection practice." *In re Gatewood*, 533 B.R. 905, 910 (B.A.P. 8th Cir. 2015). Nor is such a claim harassing or abusive or unfair within the meaning of §§1692d[10] or f[11] of the FDCPA. *See, e.g., LaGrone v. LVNV Funding, LLC (In re LaGrone)*, 525 B.R. 419, 426 (Bankr.N.D.Ill. 2015)(analyzing the subsections of the FDCPA in relation to the requirements for proofs of claim under the Code).

In the case before me now, the parties agree that the proofs of claim filed by the defendants clearly stated all relevant dates of activity on the underlying accounts, including the debt amounts and the last transaction date. From a review of the proofs, the Martels (or, more specifically, their attorney) identified that the debts would be time-barred in state court proceedings.[12] Exercising their rights under the Code and the Rules, the Martels contacted the defendants to raise their dispute and the claims, which would have been subject to disallowance in the normal course of the bankruptcy proceedings, were withdrawn. The fact that the debts were subject to the affirmative defense of the statute of limitation does not make filing the proofs of claim violative of the FDCPA, the Maine FDCPA or the Code. Statutes of limitation do not extinguish debts, but bar actions to collect once raised. *See* 5B Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 1278 (3d ed. 2015).

---

[10] 32 M.R.S.A. §11013(1).

[11] 32 M.R.S.A. §11013(1).

[12] The issue of whether Maine law is determinative of the statute of limitations for the defendants' claims is not before me.

Finally, the defendants urge me to conclude that the FDCPA and the Code cannot co-exist—that the Code completely preempts the FDCPA, as some courts have decided.[13] I disagree. First, the concept of statutory preemption applies when a state law attempts to address the same subject matter as a federal statute. U.S.C.A. Const. Art. VI, cl. 2; *see POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2236 (2014). When two federal statutes apply to the same subject, the appropriate question is whether one implicitly repeals the other. The Supreme Court has made it clear that repeals by implication are not favored and such a finding requires that two federal statutes are irreconcilable. *See Morton v. Mancari*, 417 U.S. 535, 549-50 (1974); *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 456-57 (1945). As the Seventh Circuit observed:

> One federal statute does not preempt another. *See Baker v. IBP, Inc.,* 357 F.3d 685, 688 (7th Cir.2004). When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed. [. . .] It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other. Preemption is more readily inferred, so decisions such as *Cox v. Zale*—which held that bankruptcy principles come from federal rather than state law—are not informative about which federal laws apply to what transactions. The district court did not find any clearly expressed decision that the Bankruptcy Code displaces the FDCPA, and the debt collectors do not contend that Congress made such a decision. The argument, rather, is

---

[13] "[C]ircuits have split on the question of whether the Bankruptcy Code precludes the FDCPA. The Second and the Ninth Circuits have broadly ruled that it does. *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 (2nd Cir.2010) (holding that the Bankruptcy Code provides exclusive remedies for inflated proofs of claim, dismissing an FDCPA claim); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510 (9th Cir.2002) (holding that § 524(a) of the Bankruptcy Code provided the exclusive remedy for violation of the discharge injunction, dismissing an FDCPA claim). The Third and the Seventh Circuits have ruled to the contrary, finding that the FDCPA and the Bankruptcy Code may peacefully co-exist, allowing FDCPA claims in cases involving debtors that were in bankruptcy. *Simon v. FIA Card Services, N.A.,* 732 F.3d 259, 271 (3d Cir.2013) (holding that debt collectors' communication with debtors in bankruptcy violated the FDCPA and that an FDCPA remedy was not precluded by the Bankruptcy Code); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 732 (7th Cir.2004) (holding that the Bankruptcy Code does not work an implied repeal of the FDCPA in action involving demand letters sent in violation of the automatic stay)." *In re Feggins*, 535 B.R. at 866.

one based on the operational differences between the statutes. These do not, however, add up to irreconcilable conflict; instead the two statutes overlap . . . It is easy to enforce both statutes, and any debt collector can comply with both simultaneously.

*Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

The Code and the FDCPA are not irreconcilable and creditors are under the obligation to follow both. *See, e.g., Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13 (1st Cir. 2002) (discussing how bankruptcy reaffirmation agreements might violate the FDCPA).

### C. Sanctions under §105 and §502 of the Code

The first count of the Martels' amended complaint seeks sanctions against the defendants for abusing the bankruptcy process. For the same reasons discussed above, I find that filing a proof of claim in accordance with Fed. R. Bankr. P 3001 is not an abuse of the bankruptcy process.

## IV. CONCLUSION

I find that the defendants have met their burden of showing that the Martels have not stated a claim upon which relief can be granted. Therefore, this case shall be dismissed.

A separate order shall enter.

Dated: October 13, 2015                    /s/ Peter G. Cary
                                           Hon. Peter G. Cary
                                           United States Bankruptcy Court

9